## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **GOVERNMENT OF THE VIRGIN ISLANDS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case No. 3:95-cr-0063** |
| ) | |
| **NETFA PETERSEN,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## ORDER

**BEFORE THE COURT** is the *pro se* motion of Netfa Petersen ("Petersen") to correct clerical mistakes pursuant to Federal Rule of Criminal Procedure 36, filed on January 24, 2020. (ECF No. 72). For the reasons stated below, the Court will grant the motion.

### I.

In 1995, Petersen was charged with three federal offenses: (1) assault of a federal officer in violation of 18 U.S.C. § 111 ("Count 1"); (2) attempted murder of a federal officer in violation of 18 U.S.C. § 1114 ("Count 2"); and (3) use of a firearm in violation of 18 U.S.C. § 924 ("Count 3"). Petersen was also charged with two Virgin Islands offenses: second degree murder in violation of 14 V.I.C. § 922 ("Count 4") and first degree assault in violation of 14 V.I.C. § 295 ("Count 5"). Petersen subsequently pled guilty to each of the counts.[1]

After pleading guilty, Petersen moved to withdraw his guilty plea. The Court denied the motion without a hearing and sentenced Petersen on August 23, 1995, to a total of 300 months imprisonment on federal counts 1 through 3, and twenty-five (25) years on territorial counts 4 and 5, to run consecutively to the federal counts. Petersen appealed. On appeal, the Court of Appeals for the Third Circuit ("Third Circuit") vacated Petersen's judgment and remanded for an evidentiary hearing on Petersen's motion to withdraw his guilty plea. *United States v. Petersen*, 92 F.3d 1174 (3d Cir. 1996). On remand, the Court

---

[1] A detailed factual background of this case can be found at *Gov't of the V.I. v. Petersen*, 19 F. Supp. 2d 430 (D.V.I. 1998).

*Gov't of the Virgin Islands v. Petersen*
Case No. 3:95-cr-0063
Order
Page 2 of 4

held an evidentiary hearing and again denied Petersen's motion to withdraw his plea. *Petersen*, 19 F. Supp. 2d at 444.

Petersen was resentenced on September 30, 1998. With respect to the federal offenses, the Court sentenced Petersen to 120 months imprisonment on Count 1 and 240 months imprisonment on Count 2, to run concurrently with each other. The Court also sentenced Petersen to 60 months on Count 3, to run consecutively to the terms of imprisonment on Counts 1 and 2, for a total of 300 months on the three federal counts.[2] *See* Hr'g Tr. filed in Case No. 3:17-cv-50,[3] ECF No. 16-1 at 50:15-20. With respect to the Virgin Islands offenses, the Court sentenced Petersen to fifteen (15) years on both Counts 4 and 5, to run concurrently with each other but consecutively to the federal term of imprisonment— ten years less than he was originally sentenced on the territorial counts. *See id.* at 51:8-11. Petersen once again appealed his sentence. The Third Circuit affirmed.

As Petersen approached the completion of his federal term of imprisonment in California, the Bureau of Prisons ("BOP") scheduled him to be placed in a halfway house upon release. On December 18, 2015, the Virgin Islands Bureau of Corrections ("BOC") lodged a detainer against Petersen to instead have him returned to the Virgin Islands after the completion of his federal term to serve his territorial term of imprisonment. The BOP subsequently canceled Petersen's halfway house placement.

On November 29, 2016, Petersen filed a petition for a writ of habeas corpus in the Central District of California, asserting that the BOC detainer was improper, and that BOP's cancellation of his placement violated his constitutional rights. The California district court dismissed Petersen's claim regarding the cancellation of his halfway house placement and transferred the remainder of the action to the District Court of the Virgin Islands.

Subsequently, this Court found that the BOC detainer was proper but also found that there was a misunderstanding at the BOC regarding the length of Petersen's territorial prison

---

[2] Unless otherwise specified, all docket citations reference the instant case, Case No. 3:95-cr-0063.

[3] The re-sentencing hearing took place in 1998, before documents were filed electronically. As such, the transcript was not filed on the docket. However, an electronic version of the re-sentencing hearing transcript was filed on the record with Petersen's habeas petition in Case No. 3:17-cr-0050.

term. "Specifically, the detainer asserted that Petersen 'has a total territorial sentence of twenty-five (25) years imprisonment.'" (Case No. 3:17-cv-0050, ECF No. 16-1 at 26.) In support of the BOC's assertion, the BOC provided a copy of Petersen's August 23, 1995 Judgment, which was previously vacated by the Third Circuit. *See* ECF No. 72-1 at 1.

Accordingly, the Court directed the Clerk of Court to mail a copy of the operative judgment and commitment to the BOC. (Case No. 3:17-cv-0050, ECF No. 29 at 4.) Upon review of the record, the Clerk of Court verified that an amended local judgment on the territorial counts had not been filed on the record to date.

## II.

Rule 36 of the Federal Rules of Criminal Procedure provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The Third Circuit has consistently held that Rule 36 may be used to correct a written judgment to accurately reflect the oral pronouncement of the sentencing judge. *United States v. Bennett*, 423 F.3d 271, 278 (3d Cir. 2005) ("Rule 36 is normally used to correct a written judgment of sentence to conform to the oral sentence pronounced by the judge."); *see also United States v. Chasmer*, 952 F.2d 50, 52 (3d Cir. 1991) (stating that the "firmly established and settled principle of federal criminal law that an orally pronounced sentence controls over a judgment and commitment order when the two conflict" (quoting *United States v. Villano*, 816 F.2d 1448 (10th Cir. 1987))).

In light of the fact that an amended judgment has not been issued in this case since the remand from the Third Circuit, and there also appearing to be a misunderstanding between the prison officials and Petersen as to the sentence imposed in this case, the Court will, therefore, issue an amended judgment to accurately reflect the sentence imposed in this matter on remand from the Third Circuit. Accordingly, it is hereby

*Gov't of the Virgin Islands v. Petersen*
Case No. 3:95-cr-0063
Order
Page 4 of 4


**ORDERED** that the *pro se* motion to correct clerical errors by Netfa Petersen, docketed at ECF No. 72, is **GRANTED**; it is further

**ORDERED** that the Clerk of Court shall mail a copy of the Amended Local Judgment and Commitment to the Virgin Islands Bureau of Corrections and to Netfa Petersen; it is further

**ORDERED** that all pending motions are **MOOT.**


**Dated:** February 28, 2022                         /s/ *Robert A. Molloy*
                                                    **ROBERT A. MOLLOY**
                                                    **Chief Judge**